**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**LEONARDO T. MORALES,**

      Petitioner,
v.                                                        Case No. 3:24cv057-MCR/MAF

**RICKY DIXON, Secretary,
Department of Corrections, et al.,**

      Respondents.
_____/

## REPORT AND RECOMMENDATION

On February 6, 2024, Petitioner Leonardo T. Morales, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, with attachments, challenging the execution of his sentence. ECF No. 1. On June 10, 2024, Respondent filed a response, with exhibits. ECF No. 8. Petitioner filed a reply on July 5, 2024. ECF No. 9.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the petition should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner Leonardo T. Morales challenges the execution of his sentence by the Florida Department of Corrections (DOC). ECF No. 1. Morales is currently confined at the Blackwater Correctional Facility in Milton, Florida. *See* ECF No. 1. He is serving a life sentence, imposed in 1986, by the Miami-Dade Circuit Court in case number 85-CF-3768. *See* ECF No. 8 at 1; Inmate Population Information Detail at https://pubapps.fdc.myflorida. com/offenderSearch/detail.

In his federal petition, Morales asserts he "has been twice arbitrarily transferred." *Id*. at 3. He also asserts "[d]eprivation of visitation" because "[a]s a result of the arbitrary transfers, [he] has been without visitation for the last six years." *Id*. He indicates he has submitted grievances to the Department of Corrections (DOC), which have been denied. *Id*. at 3-4; *see id*. at. As relief, he requests this Court "order the Florida [DOC] to transfer [him] near his county of conviction." *Id*. at 6. He has attached copies of his institutional grievance and appeal, *see id*. at 19, 23, 24, 26, as well an order of the First Judicial Circuit, Santa Rosa County, denying his petition for writ of habeas corpus, *id*. at 30.

Respondent filed an answer, with exhibits.  ECF No. 8.  Respondent asserts Petitioner Morales has not stated a claim for habeas relief because he has no liberty interest in being transferred to a particular prison.  *Id*. at 3.  Respondent points out that the U.S. Supreme Court has held that an inmate has no right to be incarcerated at a particular prison.  *Id*. at 4; *see, e.g.*, Meachum v. Fano, 427 U.S. 215, 228 (1976).  Respondent further asserts the DOC has determined where to house Morales "based upon an authorized exercise of discretion."  ECF No. 8 at 5.  Respondent also asserts Morales has not shown entitlement to mandamus relief as he has not demonstrated a clear legal right to be transferred, based on the statute and rules cited, and DOC has the discretion to make an institutional assignment; mandamus does not lie to compel the exercise of discretion.  *Id*.

Petitioner Morales has filed a reply.  ECF No. 9.  He asserts his claim falls "well within this court's jurisdiction" and is "properly raised in a Habeas Corpus petition."  *Id*. at 1.  He explains he has previously received "good adjustment" transfers to prisons close to his residence but then he was subsequently transferred to facilities not close to his residence.  *Id*. at 2-3.  He asserts that Rule 33-601.215(3), Florida Administrative Code, "created a liberty interest in transfer and not to be arbitrarily transferred once a prisoner obtained a good adjustment transfer."  *Id*. at 3.  He further asserts he "has

been without visitations for the past six or seven years due to the distance between his prison of confinement and his residence," resulting in "an atypical and significant hardship." *Id*.

## Analysis

To the extent Petitioner Morales, a state prisoner, challenges the execution of his state sentence, his habeas petition is governed by both 28 U.S.C. § 2254 and 28 U.S.C. § 2241. *See* Thomas v. Crosby, 371 F.3d 782, 787 (11th Cir. 2004); Medberry v. Crosby, 351 F.3d 1049, 1053-54 (11th Cir. 2003). Pursuant to 28 U.S.C. § 2254, a federal application for writ of habeas corpus "shall not be granted unless it appears that" the applicant "has exhausted the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(1)(A). The statute provides that an applicant has not exhausted state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). It is well settled that, absent extraordinary circumstances, a federal court will not decide the merits of § 2254 claims until the claims have been exhausted in state court. 28

U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982); Picard v. Conner, 404 U.S. 270, 275 (1971).  *Cf*. Santiago–Lugo v. Warden, 785 F.3d 467, 474-75 (11th Cir. 2015) (holding § 2241 petitioner's failure to exhaust administrative remedies is not jurisdictional defect and explaining such exhaustion remains a requirement, "it's just not a jurisdictional one").

Where a state inmate challenges the execution of a state sentence, to exhaust state remedies, the inmate must file the required administrative appeal and appeal the result of that proceeding to the Office of the Secretary of the Department of Corrections.  *See, e.g*., Hoever v. Fla. Dep't of Corr., 156 So. 3d 543, 544 (Fla. 1st DCA 2015).  "[O]nce a prisoner has exhausted administrative remedies, he or she generally may seek relief in an original proceeding filed in circuit court as an extraordinary writ petition."  Bush v. State, 945 So. 2d 1207, 1210 (Fla. 2006); *see* Fla. R. App. P. 9.030(c).  If the circuit court denies the petition, the inmate may then seek further review in the state district court of appeal by petition for writ of certiorari, pursuant to Florida Rule of Appellate Procedure 9.110 or 9.030.  *See, e.g*., Sheley v. Fla. Parole Comm'n, 703 So. 2d 1202, 1204 (Fla. 1st DCA 1997).

From information in the petition, the exhibits thereto, and the response, Morales filed grievances with the institution, ECF No. 1 at 19-23, and then he appealed to the Office of the Secretary, *id*. at 24-26; his appeal was

denied on December 22, 2021, *id*. at 26.  See ECF No. 8 at 2.  He then filed a petition for habeas corpus in the First Judicial Circuit, Santa Rosa County, case number 22-164-CA, ECF No. 1 at 7-16.  See ECF No. 8 at 2.  In an order rendered June 7, 2022, the circuit court denied the petition, finding Morales "has not demonstrated entitlement to habeas relief" and noting his "request to be transferred to another prison closer to Miami-Dade County is not a form of relief available from the Court."  ECF No. 1 at 30.  Morales appealed to the First District Court of Appeal (First DCA), assigned case number 1D22-2063.  Ex. 1.[1]  On June 20, 2023, the First DCA affirmed the case per curiam, without a written opinion.  Ex. 2.  Morales filed a motion for rehearing, which the court denied on September 1, 2023.  Ex. 3.  Thereafter, on February 6, 2024, Morales filed this federal habeas petition.  ECF No. 1.  It thus appears Morales has exhausted his state remedies.

Nevertheless, as indicated by Respondent, Morales has not stated a claim to federal habeas relief.   As the U.S. Supreme Court explained in Meachum, "the Due Process Clause in and of itself [does not] protect a duly convicted prisoner against transfer from one institution to another," 427 U.S. at 225, nor does it give a prisoner a right to transfer to a particular institution,

---

[1] Hereinafter, citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's response, ECF No. 8.

*see id*.  *See also* Montayne v. Haymes, 427 U.S. 236 (1976); *see, e.g.,* Williams v. Flournoy, 732 F. App'x 810, 812 (11th Cir. 2018) (affirming district court's dismissal of § 2241 habeas petition as petitioner did not state viable claim for relief).  "This is so because a defendant's valid conviction authorizes the government to 'confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution.'" Williams, 732 F. App'x at 812 (quoting Meachum, 427 U.S. at 224).

Further, "an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State." Olim v. Wakinekona, 461 U.S. 238, 245 (1983); *see, e.g.*, Barfield v. Brierton, 883 F.2d 923, 936 (11th Cir. 1989) (citing Meachum and Montayne, and explaining "inmates usually possess no constitutional right to be housed at one prison over another" and "the Supreme Court has found no constitutionally based liberty interest in the involuntary transfer of a prisoner to a different facility"). Indeed, "[i]t is well settled that the decision where to house inmates is at the core of prison administrators' expertise." Williams, 732 F. App'x at 812 (quoting McKune v. Lile, 536 U.S. 24, 39 (2002)).  In addition, prison officials generally "have the discretion to transfer prisoners for any number of reasons."  *Id*. (quoting Meachum, 427 U.S. at 228); *see* § 944.17(7), Fla.

Stat. (2021) (providing that DOC "may transfer prisoners from one institution to another institution in the correctional system and classify and reclassify prisoners as circumstances may require"). *See also* Smith v. Crews, 738 F. App'x 981, 984 (2018) (affirming district court's grant of summary judgment for DOC in § 1983 action by prisoner alleging he was transferred in retaliation for filing grievances, and explaining, among other things: "[T]he Florida statutes upon which Plaintiff relies – Fla. Stat. §§ 20.315(3) and 944.611 – create no statutorily-protected liberty interest. These statutes provide only that it is 'desirable' for inmates to be confined in a facility close to the inmate's permanent residence or county of commitment 'in order to lessen the transportation expense to the public.' Nothing in this statutory language can be construed as conferring a right on inmates to be confined at a particular facility.").

In this case, similar to the petitioner in Williams, Petitioner Morales' claim "amounts to an assertion that the facility in which he is currently housed is 'more disagreeable'" than the facility closer to Miami-Dade area, where he would like to be transferred. *See* Williams, 732 F. App'x at 812; *see also* Meachum, 427 U.S. at 225. Nothing indicates that Morales' due process rights have been violated, that he has a liberty interest in placement at a particular institution, or that DOC did not act within its discretion in

determining his institutional placement.  Accordingly, Petitioner Morales has not stated a viable claim for federal habeas relief.

## Conclusion

Therefore, it is respectfully **RECOMMENDED** that Petitioner Morales' § 2241 petition, ECF No. 1, be **DISMISSED**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

State prisoners proceeding under § 2241 must obtain a certificate of appealability to appeal a district court order.  Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).  Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the § 2241 petition (ECF No. 1) be **DISMISSED.**  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on August 28, 2024.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.